1  McGREGOR W. SCOTT
   United States Attorney
2  AUDREY B. HEMESATH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700

5  Attorneys for Plaintiff
   United States of America

6

7

**FILED**

JUN 0 7 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          CASE NO. 2: 1 8 - CR - 0 1 0 9 MCE

11               Plaintiff,            18 U.S.C. § 1344 – Bank Fraud; 18 U.S.C. § 1543 –
                                       False Use of a Passport; 18 U.S.C. § 1956(a)(1)(A)(i)
12          v.                         – Money Laundering; 18 U.S.C. § 1028A(a)(1) –
                                       Aggravated Identity Theft; and 18 U.S.C. §§
13  JEFFREY KIM,                       982(a)(1), 982(a)(2)(A), and 982(a)(6)(a)(ii)(I) –
                                       Criminal  Forfeiture
14               Defendant.

15

16                     I N D I C T M E N T

17  COUNTS ONE THROUGH FOUR: [18 U.S.C. § 1344 – Bank Fraud]

18      The Grand Jury charges:

19                          JEFFREY KIM,

20  defendant herein, as follows:
                   SCHEME AND ARTIFICE TO DEFRAUD
21

22      At all times relevant to this Indictment:

23      1.  Beginning at least on or about February 1, 2017, and continuing through at least on or about July

24  24, 2017, in the County of Sacramento, State and Eastern District of California, and elsewhere,

25  defendant JEFFREY KIM, and others known and unknown to the Grand Jury, did knowingly, and with

26  intent to defraud, execute and attempt to execute a material scheme and artifice to defraud and obtain

27  funds by means of material false and fraudulent pretenses and representations, from federally insured

28  financial institutions, to wit: Wells Fargo Bank; and J.P. Morgan Chase.

INDICTMENT                              1

2.      The object of the scheme to defraud was to obtain cash from Wells Fargo Bank and J.P. Morgan Chase. The type of scheme KIM perpetrated is referred to herein as a "bust out" scheme—a method of extracting cash from bank accounts by depositing counterfeit and/or non-sufficient funds checks and then immediately drawing from the account through a variety of transactions, including withdrawing cash over the counter, withdrawing cash through an ATM, or using debit cards at points of sale. Once the fraudulent nature of the check is discovered and the check has been dishonored by the bank, the account has been "busted."

3.      The scheme generally operated as follows:

a.      A participant in the scheme obtained a fraudulent South Korean passport or other identity document.

b.      A participant in the scheme opened a mail box account for the purpose of providing the financial institution a local address for the account holder.

c.      A participant in the scheme opened an account at a financial institution, using the fraudulent identity document. The account was opened with a small amount of cash, typically less than $100.

d.      The account was then left essentially dormant for a period of typically one to six months to "age" the account. Aging the account allowed for any bank restrictions on newly-opened accounts to expire. A participant in the scheme might conduct small, infrequent account transactions during this time to facilitate the aging process.

e.      Banks would typically allow a holder of an aged account to deposit a check and make withdrawals against that check before the check had actually cleared through the bank against which the check had been drawn. After aging the account, a participant in the scheme would enter a branch of the bank and attempt one of the following transactions:  (1) cash a third-party non-sufficient funds check or counterfeit check drawn on another financial institution; (2) deposit a third-party non-sufficient funds check or counterfeit check drawn on another financial institution and receive a portion back in cash; or (3) deposit a third-party non-sufficient funds check or counterfeit check drawn on another financial institution.

f.      If the check was successfully deposited, a participant in the scheme would attempt to

1 access the funds through ATM withdrawals and point-of-sale transactions until the fraudulent nature of

2 the checks was discovered by the financial institution and the account is frozen or closed.

3       g.     Participants in the scheme then moved on to another geographic location to continue the

4 scheme.

5       4.     At all times relevant to the indictment, Wells Fargo Bank, J.P. Morgan Chase, BBVA

6 Compass, BMO Harris Bank, Umpqua Bank, and El Dorado Savings Bank were all financial institutions

7 as defined in 18 U.S.C. § 20, and were members of the Federal Deposit Insurance Corporation

8 ("FDIC"), whose deposits were insured by the FDIC. These financial institutions conducted banking

9 business in interstate commerce.

10 EXECUTIONS OF THE SCHEME TO DEFRAUD

11       5.     The defendant executed the scheme to defraud through four bank bust-outs:

12 COUNT ONE:

13     (1)     A co-schemer of KIM opened a BBVA Compass checking account in the name of Person

14 1 on or about March 23, 2017, in Clovis, California. Out of this account, approximately 65 checks were

15 presented for payment against the checking account in amounts between $991 and $2,998 for a total of

16 $117,447. All of the checks eventually bounced, as there was only approximately $49.86 in the

17 checking account to cover the checks.

18     (2)     A co-schemer of KIM opened a checking account in the name of Person 2 at JP Morgan

19 Chase Bank, on or about February 1, 2017.

20     (3)     A co-schemer of KIM opened a checking account also in the name of Person 2 at Wells

21 Fargo Bank, also on or about February 1, 2017.

22     (4)     As indicated on the table below, KIM and a co-schemer busted out these JP Morgan

23 Chase Bank and Wells Fargo Bank accounts by depositing insufficient funds checks written out of the

24 BBVA Compass checking account, and then immediately taking cash back from the deposits, resulting

25 in financial losses to JP Morgan Chase Bank and Wells Fargo Bank:

26 ///

27 ///

28 ///

| Date | Bank | Account No. | Account Name | Transaction | Location |
|------|------|-------------|--------------|-------------|----------|
| 05/11/2017 | WFB | 9306704272 | Person 2 | JEFFREY KIM deposited a NSF check from Person 1 of $2,997 with $860 cash back | San Luis Obispo, CA |
| 05/11/2017 | JPMC | 112238032 | Person 2 | An unknown individual deposited a NSF check from Person 1 of $1,976. | Unknown |
| 05/11/2017 | JPMC | 112238032 | Person 2 | An unknown individual deposited a NSF check from Person 1 of $1,990 | San Luis Obispo, CA |
| 05/12/2017 | JPMC | 112238032 | Person 2 | An unknown individual deposited a NSF check from Person 1 of $1,976 | San Luis Obispo, CA |
| 05/12/2017 | JPMC | 112238032 | Person 2 | An unknown individual deposited a NSF check from Person 1 of $1,960 | Unknown |
| 05/12/2017 | JPMC | 112238032 | Person 2 | An unknown individual deposited a NSF check from Person 1 of $970 | San Francisco, CA |
| 05/12/2017 | WFB | 9306704272 | Person 2 | JEFFREY KIM deposited a NSF check from Person 1 of $1,997 with $1,540 cash back | Oakland, CA |
| 05/12/2017 | WFB | 9306704272 | Person 2 | JEFFREY KIM deposited a NSF check from Person 1 of $1,970 with $1,400 cash back | Berkeley, CA |

In violation of Title 18, United States Code, Section 1344.

COUNT TWO:

(1)     A co-schemer of KIM opened a BMO Harris Bank checking account on or about February 16, 2017.  Out of this account, approximately 36 checks were presented for payment against the checking account in amounts between $1,884 and $2,985 for a total of $76,899.  All of the checks eventually bounced, as there was only approximately $205.94 in the checking account to cover the checks.

(2)     A co-schemer of KIM opened checking account number 9900889875 in the name of Person 3 at Wells Fargo Bank, on or about February 15, 2017.

(3)     As indicated on the table below, KIM and a co-schemer busted out this Wells Fargo Bank account by depositing insufficient funds checks written out of the BMO Harris checking account, and then immediately taking cash back from the deposits, resulting in financial loss to Wells Fargo Bank:

///

///

| Date | Bank | Account No. | Account Name | Transaction | Location |
|---|---|---|---|---|---|
| 05/25/2017 | WFB | 9900889875 | Person 3 | JEFFREY KIM deposited a NSF check for $2,975 | Orangevale, CA |
| 05/25/2017 | WFB | 9900889875 | Person 3 | JEFFREY KIM made a cash withdrawal of $800 | Orangevale, CA |
| 05/26/2017 | WFB | 9900889875 | Person 3 | JEFFREY KIM deposited a NSF check for $1,995 with $1,550 cash back | Sacramento, CA |
| 05/26/2017 | WFB | 9900889875 | Person 3 | JEFFREY KIM deposited a NSF check for $1,989 with $1,460 cash back | Roseville, CA |
| 05/26/2017 | WFB | 9900889875 | Person 3 | JEFFREY KIM deposited a NSF check for $1,950 | Roseville, CA |
| 05/26/2017 | WFB | 9900889875 | Person 3 | JEFFREY KIM made a cash withdrawal of $1,900 | Roseville, CA |
| 05/26/2017 | WFB | 9900889875 | Person 3 | JEFFREY KIM made a cash withdrawal of $900 | Roseville, CA |

In violation of Title 18, United States Code, Section 1344.

COUNT THREE:

(1)     A co-schemer of KIM opened an Umpqua Bank checking account on or about May 24, 2017, in Roseville, California.  Out of this account, approximately 70 checks were presented for payment against the checking account in amounts between $880 and $2,992 for a total of $139,914.  All of the checks eventually bounced, as there was only approximately $79.15 in the checking account to cover the checks.

(2)     A co-schemer of KIM opened a checking account in the name of Person 4 at Wells Fargo Bank, on or about February 15, 2017.

(3)     As indicated on the table below, KIM and a co-schemer busted out this Wells Fargo Bank account by depositing insufficient funds checks written out of the Umpqua Bank checking account, and then immediately taking cash back from the deposits, resulting in financial loss to Wells Fargo Bank:

///

///

///

| Date | Bank | Account No. | Account Name | Transaction | Location |
|------|------|-------------|--------------|-------------|----------|
| 06/08/2017 | WFB | 8190997711 | Person 4 | JEFFREY KIM deposited a NSF check for $2,970 | Goodyear, AZ |
| 06/08/2017 | WFB | 8190997711 | Person 4 | JEFFREY KIM made a cash withdrawal of $800 | Goodyear, AZ |
| 06/09/2017 | WFB | 8190997711 | Person 4 | JEFFREY KIM deposited a NSF check for $1,976 with $1,450 cash back | Tucson, AZ |
| 06/09/2017 | WFB | 8190997711 | Person 4 | JEFFREY KIM made a cash withdrawal of $1,900 | Tucson, AZ |
| 06/09/2017 | WFB | 8190997711 | Person 4 | JEFFREY KIM deposited a NSF check for $1,884 with $1,400 cash back | Tucson, AZ |
| 06/09/2017 | WFB | 8190997711 | Person 4 | JEFFREY KIM deposited a NSF check for $1,877 | Tucson, AZ |
| 06/10/2017 | WFB | 8190997711 | Person 4 | JEFFREY KIM made an ATM cash withdrawal of $300 | Mesa, AZ |
| 06/11/2017 | WFB | 8190997711 | Person 4 | An unknown individual deposited a NSF check for $1,550 | Los Angeles, CA |
| 06/11/2017 | WFB | 8190997711 | Person 4 | An unknown individual made an ATM cash withdrawal of $300 | Los Angeles, CA |

In violation of Title 18, United States Code, Section 1344.

COUNT FOUR:

(1)    On or about May 24, 2017, KIM rented a mail box from Granite Bay Postal, in Granite Bay, California, for a three-month term using a fraudulent Republic of Korea passport in the name of Person 5.

(2)    The day after renting the mail box, on or about May 25, 2017, KIM opened checking account 43156843 with $100 in the name of Person 5 at a branch of El Dorado Savings Bank in Folsom, California.  KIM used the mailing address at the Granite Bay mail box to open the account.  To open the checking account, KIM presented the same fraudulent passport used to open the mail box.  The checks associated with the new checking account were mailed to KIM at the Granite Bay mail box.  Out of the El Dorado Savings Bank checking account, approximately 67 checks were presented for payment

1 | against the checking account in amounts between $992 and $2,998 for a total of $131,796.  All of the

2 | checks eventually bounced, as there was only approximately $100 in the checking account to cover the

3 | checks.

4 |      (3)    A co-schemer of KIM opened a checking account in the name of Person 6 at Wells Fargo

5 | Bank, on or about March 15, 2017.

6 |      (4)    As indicated on the table below, KIM and a co-schemer busted out this Wells Fargo

7 | Bank accounts by depositing insufficient funds checks written out of the El Dorado Savings Bank

8 | checking account, and then immediately taking cash back from the deposits, resulting in financial loss to

9 | Wells Fargo Bank:

| Date | Bank | Account No. | Account Name | Transaction | Location |
|------|------|-------------|--------------|-------------|----------|
| 07/20/2017 | WFB | 7532818460 | Person 6 | JEFFREY KIM deposited a NSF check from Person 5 for $2,996 | Southlake, TX |
| 07/20/2017 | WFB | 7532818460 | Person 6 | JEFFREY KIM made a cash withdrawal of $1,100 | Southlake, TX |
| 07/21/2017 | WFB | 7532818460 | Person 6 | JEFFREY KIM deposited a NSF check from Person 5 for $1,992 with $1,600 cash back | Dallas, TX |
| 07/21/2017 | WFB | 7532818460 | Person 6 | JEFFREY KIM deposited a NSF check from Person 5 for $1,973 with $1,400 cash back | Garland, TX |
| 07/21/2017 | WFB | 7532818460 | Person 6 | JEFFREY KIM deposited a NSF check from Person 5 for $1,966 | Mesquite, TX |
| 07/21/2017 | WFB | 7532818460 | Person 6 | JEFFREY KIM made a cash withdrawal of $2,900 | Mesquite, TX |
| 07/24/2017 | WFB | 7532818460 | Person 6 | JEFFREY KIM deposited via ATM a NSF check for $1,560 | Denton, TX |

24 | In violation of Title 18, United States Code, Section 1344.

25 | COUNT FIVE: [18 U.S.C. § 1543 – False Use of a Passport]

26 |      The Grand Jury further charges: T H A T

27 |      JEFFREY KIM,

28 | defendant herein, on or about May 25, 2017, in the State and Eastern District of California, knowingly

1  and willfully used a false passport, to wit, the Republic of Korea passport in the name of Person 5,

2  passport number M25514652, altered to bear the photograph of KIM, in order to open El Dorado

3  Savings Bank checking account 43156843, in violation of Title 18, United States Code, Sections 2 and

4  1543.

5  COUNT SIX: [18 U.S.C. § 1956(a)(1)(A)(i) – Money Laundering]

6          The Grand Jury further charges: T H A T

7                          JEFFREY KIM,

8  as follows,

9  1.      On or about May 26, 2017, in the State and Eastern District of California, KIM purchased a

10  postal money order in the amount of $995 from a Post Office in Fair Oaks, California, using a debit card

11  connected to Wells Fargo Bank account number 9900889875 held in the name of Person 3.  KIM knew

12  that purchase of this money order was an execution of sathe bank fraud scheme.

13  2.      On or about May 29, 2017, KIM, knowing that the property represented the proceeds of some

14  form of illegal activity, conducted and attempted to conduct a financial transaction that involved the

15  proceeds of bank fraud, with the intent to promote the carrying on of bank fraud, when a participant in

16  the scheme then deposited the $995 money order into a different Wells Fargo Bank account, for the

17  purpose of aging or freshening that bank account and giving it the false appearance of a bank account

18  used for legitimate purposes, all in violation of Title 18, Section 1956(a)(1)(A)(i).

19  COUNT SEVEN: [18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft]

20          The Grand Jury further charges: T H A T

21                          JEFFREY KIM,

22  defendant herein, on or about May 25, 2017, in the State and Eastern District of California, during and in

23  relation to a felony violation of Title 18, United States Code, Section 1344, Bank Fraud, did knowingly

24  use without lawful authority a means of identification of another person, to wit a social security card

25  belonging to Person 5, all in violation of Title 18, Section 1028A(a)(1).

26  FORFEITURE ALLEGATION: [18 U.S.C. §§ 982(a)(1), 982(a)(2)(A), and 982(a)(6)(a)(ii)(I) –
                            Criminal Forfeiture]
27

28          1.      Upon conviction of Counts One through Four or Count Six of this Indictment, defendant

1  JEFFREY KIM shall forfeit to the United States, pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2)(A),

2  any property constituting or derived from proceeds obtained directly or indirectly, as a result of said

3  violations, including but not limited to the following:

4        a.      A sum of money equal to the amount of proceeds obtained directly or indirectly,

5  as a result of such offenses, for which defendant is convicted.

6        2.      Upon conviction of Count Five of this Indictment, defendant JEFFREY KIM shall forfeit

7  to the United States pursuant to 18 U.S.C. § 982(a)(6)(A)(ii)(I), any property real or personal, that

8  constitutes, or is derived from or is traceable to proceeds obtained directly or indirectly from the

9  commission of said violation, or any property used, or intended to be used to facilitate the commission

10  of said violation, including but not limited to the following:

11        a.      A sum of money equal to the amount of proceeds obtained directly or indirectly,

12  as a result of such offenses, for which defendant is convicted.

13        3.      If any property subject to forfeiture, as a result of the offenses alleged in Counts One

14  through Six of this Indictment, for which the defendant is convicted:

15        a.      cannot be located upon the exercise of due diligence;

16        b.      has been transferred or sold to, or deposited with, a third party;

17        c.      has been placed beyond the jurisdiction of the court;

18        d.      has been substantially diminished in value; or

19        e.      has been commingled with other property which cannot be divided without

20               difficulty;

21  it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p),

22  to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

23                                        A TRUE BILL.

24

25                                        **/s/ Signature on file w/AUSA**

26                                        _____
                                          FOREPERSON

27  _____
    McGREGOR W. SCOTT

28  United States Attorney

No. _ _ _ _ _ _ _ _ _ _

2: 1 8 - CR - 0 1 0 9 MCE

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

### JEFFREY KIM

## I N D I C T M E N T

**VIOLATION(S):**  18 U.S.C. § 1344 – Bank Fraud;
18 U.S.C. § 1543 –False Use of a Passport;
18 U.S.C. § 1956(a)(1)(A)(i) – Money Laundering;
18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft; and
18 U.S.C. §§ 982(a)(1), 982(a)(2)(A), and 982(a)(6)(a)(ii)(I) – Criminal  Forfeiture

*A true bill,*                **/s/ Signature on file w/AUS**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Foreman.*

*Filed in open court this* _ _ _ _ _ 7 _ _ _ _ _ _ _ *day*

*of* _ June _ _ _ _ _ _ _ , *A.D. 20* _ 18 _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Clerk.*

*Bail, $* _ _ _ _ _ _ _ _ **NO PROCESS NECESSARY**

GPO 863 525

2: 1 8 - CR - 0 1 0 9 MCE

**United States v. Jeffrey Kim**
**Penalties for Indictment**

**Defendants**
**JEFFREY KIM**


**COUNTS 1-4:**
for each count:

VIOLATION:          18 U.S.C. § 1344 – Bank Fraud

PENALTIES:          30 Years Imprisonment;
                    Not more than $1,000,000 fine;
                    5 Years TSR


**COUNT 5:**

VIOLATION:          18 U.S.C. § 1543 – False Use of Passport

PENALTIES:          10 Years Imprisonment;
                    Not more than $250,000 fine;
                    5 Years TSR


**COUNT 6:**

VIOLATION:          18 U.S.C. § 1956(a)(1)(A)(i) – Money Laundering

PENALTIES:          20 Years Imprisonment
                    Not more than $500,000 fine;
                    5 years TSR


**COUNT 7:**

VIOLATION:          18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

PENALTIES:          Mandatory consecutive 2 years in prison;
                    Not more than $250,000 fine;
                    1 year TSR


**FORFEITURE ALLEGATION:**

As stated in the indictment